Susan GRIFFITH, Plaintiff,

v.

PROCTOR & GAMBLE CO., et al., Defendants.

No. C–1–89–348.

United States District Court, S.D. Ohio, W.D.

Feb. 20, 1991.

separate units of prosecution which merged for purposes of sentencing.

William Minamyer, Cincinnati, Ohio, for plaintiff.

Michael Glassman, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on the written Motion for a Directed Verdict by the Ivorydale and St. Bernard Employees Representation Association (Union) and upon the oral motion of Defendant Proctor & Gamble Company (Company). Such motions were made at the conclusions of Plaintiff's presentation of evidence. Plaintiff brought action against the Company and the Union alleging a violation of the Collective Bargaining Agreement and a failure of fair representation by the Union. Plaintiff's employment with the Company was terminated when she violated the policies of the Company known as "Total Attendance Program" (TAP). Plaintiff conceded at trial that she met all of the criteria for discharge based upon her absenteeism over a prolonged period of time. It is Plaintiff's assertion that she was not given three warnings as set forth in the Ivory-dale Total Attendance Guidelines (Deft. Ex. D).

The obligation imposed upon the trial court when a Motion for Directed Verdict is made at the conclusion of Plaintiff's case is well known. In *Gomez v. Great Lakes Steel*, 803 F.2d 250 (6th Cir.1986), the following appears:

> In determining whether there is sufficient evidence to raise a question of fact for the jury and defeat a motion for directed verdict ... the trial court must view the evidence in a light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in the nonmovant's favor. The trial court may neither weigh the evidence nor pass on credibility of witnesses and cannot grant the motion unless the evidence is such that reasonable minds could come to but one conclusions as to the proper verdict.

While there is a factual dispute whether Plaintiff received three warnings or two warnings as she conceded, the Court will assume for purposes of this Order that she received only two such warnings.

The Ivorydale Total Attendance Guidelines are simply that. They are not part of the Collective Bargaining Agreement.

The Collective Bargaining Agreement in effect at the time involved (Deft. Ex. A) provides in Article XII the following:

> 2. Warning Notice: No employee will be disciplined or terminated for any but a major offense unless previously warned....

There is no dispute in this case that Plaintiff was in fact warned as provided in the Collective Bargaining Agreement.

██ It is arguable that the Collective Bargaining Agreement may have been amended by past practices of the parties which are sometimes referred to as "common law of the shop." The United States Court of Appeals for the Sixth Circuit has determined that such practices may properly be incorporated where the document is silent or ambiguous on a matter. *Jackson Purchase Rural Electric Cooperative Association v. Local Union 816 International Brotherhood of Electrical Workers*, 646

F.2d 264, 268 (6th Cir.1981). The language of the Collective Bargaining Agreement on the matter of terminations is clear and simple. It is neither silent nor ambiguous and must therefore control. The Court finds therefore that there has been no breach of the Collective Bargaining Agreement and that the motion of the Company should be granted. This does not end the matter since the United States Court of Appeals for the Sixth Circuit has held that where a plaintiff fails to establish a breach of a Collective Bargaining Agreement, there cannot be any proceedings against the Union for failure of fair representation, *White v. Anchor Motor Freight,* 899 F.2d 555 (6th Cir.1990). In view of that holding the Court must also grant the Motion for Directed Verdict of the Union.

In accordance with the foregoing, a directed verdict in favor of each defendant is hereby GRANTED.

IT IS SO ORDERED.